IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LEON C. FERGUSON, JR., #B90028, | |
| Plaintiff, | Case No. 24-cv-01828-SPM |
| v. | |
| END GREY, TOM SCHMIDT, NATE TAUL, STEPHEN RIDDINGS, MILLER, JERRY ENDICOTT, SELLERS, C/O PATTERSON, and CRAIG REICHEARDT, | |
| Defendants. | |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Leon Ferguson, an inmate in of the Illinois Department of Corrections who is currently incarcerated at Sheridan Correctional Center, brings this civil action pursuant to 42 U.S.C. §1983 for violations of his constitutional rights that occurred while a detainee at the Madison County Jail. The Amended Complaint[1] is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b).

---

[1] Before the Court conducted an initial review of his original pleading under 28 U.S.C. §1915A, Plaintiff filed an amended complaint. (Doc. 18). *See* FED. R. CIV. P. 15(a)(1)(A).

## THE AMENDED COMPLAINT

Plaintiff alleges that while he was in custody at the Madison County Jail his mail was repeatedly mishandled, withheld, and delayed, and legal documents were taken from him and went missing.

At Madison County Jail the detainees are given electronic tablets. (Doc. 18, p. 9). The tablets are used to view incoming mail and send outgoing mail. On June 28, 29, and 30, 2023, Lieutenant Tom Schmidt took away the tablets from the individuals living in cellblock B-south, which included Plaintiff. Plaintiff was unable to send or receive mail those three days. He was told by Captain Stephen Riddings that the tablets were a privilege. (*Id.*).

On January 18, 2024, Lieutenant Sellers opened and read Plaintiff's legal mail outside of his presence. (Doc. 18, p. 10). On January 28, 2024, Plaintiff gave legal mail to Correctional Officer Grey, but Grey did not send the letter until the next day on January 29, 2024. (*Id.* at p. 9).

On March 15, 2024, Plaintiff gave to Correctional Officer Nate Taul legal mail to be sent to an attorney named Gregory Kulis. (Doc. 18, p. 10; Doc. 20, p. 11). Plaintiff called Gregory Kulis' office two weeks later and discovered that the office never received the documents. Plaintiff asserts that Taul marked the documents as "incoming mail" and did not mail them. (*Id.*).

On April 1, 2024, Plaintiff gave legal mail to Correctional Officer Miller to send to the circuit court in Benton, Illinois. (Doc. 18, p. 11). When Plaintiff called the circuit clerk's office and inquired about his documents, he was informed that the circuit court never received his legal mail. Plaintiff claims that Miller intentionally withheld his documents. (*Id.*).

Plaintiff states that on April 18, 2024, upon his departure from Madison County Jail, he gave all of his legal documents to Sergeant Craig Reicheardt. (Doc. 18, p. 11). Correctional Officer Patterson and Lieutenant Taul were working with Reichardt that day. Plaintiff asserts that outside of his presence Reicheardt, Patterson, and Taul opened an envelope sealed and labeled "legal mail"

and removed the contents of the envelope – six grievances and a "confirmation sheet" given to him by Sergeant Black. (*Id.*). Plaintiff is still missing the documents. (*Id.* at p. 12).

Plaintiff states that while at the Madison County Jail his rights under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments were violated. (Doc. 18, p. 4). He asserts that he was subjected to retaliation, discrimination, cruel and unusual punishment, deliberate indifference, and excessive force, and he was denied due process and equal protection. (*Id.*).

## DISCUSSION

The Court dismisses this case without prejudice as duplicative of the claims Plaintiff has raised in another civil case that he is currently litigating in this District, *Ferguson v. Ridings,* No. 24-cv-01752-NJR (S.D. Ill.). In the original complaint filed in *Ferguson v. Ridings* on July 22, 2024, Plaintiff describes the same instances of mail interference and confiscation of legal documents as he does here. In fact, the Amended Complaint filed in this case on September 24, 2024, is identical to the Fourth Amended Complaint filed on the same day in *Ferguson v. Ridings*. Plaintiff cannot pursue the same claims against the same parties in parallel suits. *See McReynolds v. Merrill Lynch & Co., Inc*., 694 F.3d 873, 888 (7th Cir. 2012). Because the allegations in the Amended Complaint are identical to the allegations in *Ferguson v. Ridings,* the Court finds that dismissal of this duplicate case is warranted. *McReynolds,* 694 F.3d at 888 ("The district court has broad discretion to dismiss a complaint for reasons of wise judicial administration…whenever it is duplicative of a parallel action already pending.") (internal quotations omitted). *See also Serlin v. Arthur Andersen & Co.,* 3 F.3d 221, 223 (7th Cir. 1993) (a court may dismiss a suit "for reasons of wise judicial administration whenever it is duplicative of a parallel action already pending in…federal court") (internal citations and quotations omitted).

## DISPOSITION

For the reasons stated above, the Amended Complaint and this entire case are

**DISMISSED without prejudice**. All pending motions are **DENIED as moot**. (Doc. 20).

Plaintiff is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed. Therefore, the filing fee remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he must file a notice of appeal with this Court within 30 days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger,* 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza,* 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien,* 133 F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal, and a motion for leave to appeal in forma pauperis must set forth the issues he plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may incur a "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than 28 days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk of Court is **DIRECTED** to close this case and to enter judgment accordingly.

**IT IS SO ORDERED.**

DATED:   December 4, 2024

                                                 *s/Stephen P. McGlynn*
                                                 **STEPHEN P. MCGLYNN**
                                                 **United States District Judge**